OPINION
On June 12, 1998, the Holmes County Grand Jury indicted appellant, David Toney, on one count of escape in violation of R.C. 2921.34(A) (1) and one count of failure to appear on recognizance in violation of R.C. 2937.29. On November 12, 1998, appellant pled guilty as charged. By judgment entry filed November 13, 1998, the trial court sentenced appellant to a total term of one year in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I APPELLANT'S GUILTY PLEA WAS UNCONSTITUTIONAL AND INVOLUNTARY DUE TO THE FACT THAT THE TRIAL COURT ABUSED ITS DISCRETION AND APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN THE TRIAL COURT ACCEPTED APPELLANT'S GUILTY PLEA AFTER APPELLANT INFORMED THE COURT THAT HE WAS NOT GUILTY OF THE CRIME HE WAS CHARGED WITH.
 I
Appellant claims he was denied the effective assistance of trial counsel and the trial court erred in accepting his guilty plea after appellant had informed the trial court he was not guilty. We disagree. THE PLEA A plea hearing was held on November 12, 1998. Appellant was to plead guilty to both charges pursuant to a plea agreement. Appellant pled guilty to the escape charge and not guilty to the failure to appear on recognizance charge. T. at 15. The trial court immediately abrogated the plea agreement and indicated it would set the matter for jury trial. T. at 16. Thereafter, the following exchange occurred:
 MR. KELLOGG: My client indicated that he intended to say guilty on Count II but he said not guilty. He didn't mean to say that.
THE COURT: All right. Is that true, Mr. Toney?
MR. TONEY: Yes, sir.
 THE COURT: You know the difference between a plea of guilty and not guilty?
MR. TONEY: Yes, sir.
 THE COURT: Okay. Not guilty means I didn't do it I need a trial; guilty means I did it, let's go to sentencing. Do you understand that?
MR. TONEY: Yes, sir.
 THE COURT: Okay. Let me go back over it then. Your plea to Count I, Escape, that's a felony of the third degree, in violation of R.C. 2921.34(A)(1), your plea is?
MR. TONEY: Guilty.
 THE COURT: All right. Your plea to Count II, Failure to Appear upon a Recognizance Bond, a felony of the unspecified degree, in violation of R.C. 2937.29 your plea is?
 MR. TONEY: Guilty. T. at 16-17. The trial court proceeded to discuss appellant's pleas and rights as mandated under Crim.R. 11. T. at 18-22. During this colloquy, the trial court reviewed the joint sentencing recommendation with appellant:
 THE COURT: All right. Basically I'd be sentencing you to time-served which the Sheriff's Department informs me is eight-four (sic) days since you got out of prison and came to Holmes County on or about August 21. You would be getting that sentence for the failure to appear upon a recognizance bond and then the recommendation is that you get one year in prison — that would be from today on — on the Escape charge. Do you understand that, sir?
 MR. TONEY: Yes, sir. T. at 19. The trial court also reviewed the charges against appellant:
 THE COURT: Okay. Do you understand that the failure to appear upon the recognizance bond was a failure to appear in front of Judge Irving upon your traffic charges?
MR. TONEY: I understand it now.
 THE COURT: Okay. And you understand that the charge of Escape is for failure to comply with the terms of your post-release control?
MR. TONEY: I understand it now.
 THE COURT: And you admit to going to the State of Georgia without the permission of your parole officer?
MR. TONEY: I admit to making a mistake.
 THE COURT: All right. Um, do you understand that a plea of guilty is a complete admission of guilt and acceptance of full responsibility for your crimes?
 MR. TONEY: Yes, sir. T. at 22. The trial court accepted appellant's pleas and proceeded to sentencing whereupon appellant stated "I'm sorry for my recklessness. I didn't realize the severeness of the crime, and I apologize." T. at 23.
Appellant claims the trial court abused its discretion in accepting his pleas. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. From our review of the record, we fail to find any abuse of discretion. The trial court specifically discussed with appellant his change of plea, his understanding of the plea agreement and his constitutional rights pursuant to Crim.R. 11. The trial court did not err in accepting appellant's guilty pleas.
INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, Appellant claims his trial counsel was ineffective in failing to advise the trial court of the facts, failing to inform him of the nature of the charges against him, failing to object to the trial court's failure to follow the mandates of Crim.R. 11, and having reckless disregard for appellant's best interests. As discussed supra, the trial court followed the mandates of Crim.R. 11. Appellant pled guilty pursuant to a plea agreement. The effect of a guilty plea "is a complete admission of the defendant's guilt." See, Crim.R. 11(B) (1). The record does not disclose any information of what trial counsel did or did not do in preparation for trial. Absent such information, we cannot address the issue. A challenge to items not in the record may be perfected under R.C. 2953.21. We note appellant has a pending motion before the trial court to withdraw his guilty plea (filed December 17, 1998). We hereby remand the case to the trial court for ruling. The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed and remanded.
By Farmer, J. Gwin, P.J. and Edwards, J. concur.